UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KELLY ROSSI o/b/o C.R.,

        Plaintiff,

  v.              10-CV-0097

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Sr. U.S. District Judge

## DECISION and ORDER

  Plaintiff's attorney, Jaya A. Shurtliff, moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the motion asserting that he was reasonable and substantially justified in challenging the action. For the following reasons the motion is granted.

**I.**  **FACTS**

  The Plaintiff, Kelly Rossi, filed an application for Supplemental Security Income ("SSI") payments on behalf of her son, C.R., on November 29, 2006. Rossi claimed that C.R. was disabled since September 22, 2004. On May 16, 2007, Plaintiff's application was initially denied and she made a timely request for a hearing before an administrative law judge ("ALJ"). The ALJ found that C.R. was not disabled and his decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on December 4, 2009.

Plaintiff filed suit in this Court on January 27, 2010, challenging the Commissioner's decision. This case was referred to Magistrate Judge Baxter who recommended that "given the unresolved inconsistencies between certain of the ALJ's findings and significant aspects of the record evidence. . . the case be remanded for further proceedings." Dkt. 14 at 37. On December 20, 2010, this Court adopted the Report-Recommendation and entered a final judgment in favor of the Plaintiff. On February 18, 2011, Plaintiff's attorney filed a motion seeking attorney's fees in the sum of $6,191.22 Dkt. 17 at 1. The sum represents 34.5 hours Plaintiff's attorney worked on this matter. Id. On March 7, 2011, Defendant filed a response in opposition to Plaintiff's request asserting that attorney's fees should be denied because he was reasonable and substantially justified in challenging the action.

## II.    DISCUSSION

The EAJA states in relevant part that:

> [A] court shall award to a prevailing party . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A motion for attorney's fees must be filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The parties do not dispute that Plaintiff qualifies as a "party" under the EAJA; that final judgment was entered in favor of Plaintiff on December 20, 2010; and that Plaintiff's fee request was timely filed. The only dispute is whether the Defendant was reasonable and substantially justified is challenging the action.

The term "substantially justified" has been defined by the Supreme Court as "justified in substance or in the main – that is, justified to a degree that could satisfy a

reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The phrase does not mean "justified to a high degree." Id.  Rather, the government is substantially justified if there is a "genuine dispute" or "if reasonable people could differ" as to the appropriateness of the contested action.  Id.  Thus, courts must apply a "standard of reasonableness" in determining whether the government's position is substantially justified." Green v. Bowen, 877 F.2d 204, 207 (2d Cir. 1989).  Even in cases where the government loses, there is no automatic presumption that its position was not substantially justified.  See Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir. 1988).  The government bears the burden of showing that its position was "substantially justified." Pierce, 487 U.S. at 565 (noting that the government's position must have a reasonable basis both in law and fact).

Here, Plaintiff's attorney asserts that the Commissioner's position was not substantially justified because "the ALJ's findings that the plaintiff had a less than marked impairment in the domains of acquiring/using information and interacting/relating with others, and hence his conclusions that plaintiff was not disabled, were not supported by substantial evidence." Dkt. 17 at 6.  Defendant asserts that, regardless of Plaintiff's success to have the action remanded, the challenge was reasonable and substantially justified because the ALJ: (1) properly developed the record with respect to the suggestion that C.R. may have suffered from Autism Spectrum Disorder; (2) only erred in two of the six domains of childhood functioning; and, (3) noted that there was no evidence of C.R.'s behavioral problems.

The Court finds that the Commissioner's challenge was not reasonable or substantially justified.  First, the Commissioner's contention that the ALJ provided proper reasons for rejecting C.R.'s SSI benefit had no reasonable basis in law or fact.  Rather, the ALJ's findings that C.R.'s limitations were less than marked in the domains of acquiring and

- 3 -

using information and interacting and relating with others were not supported by substantial evidence because the ALJ selectively accentuated the positive aspects of C.R.'s record and disregarded the negative aspects. For example, the ALJ did not note that C.R.'s teacher reported that C.R. was at a pre-kindergarten instructional level for all subjects and that C.R. had serious problems in: (1) reading and comprehending written material; (2) providing organized oral explanations and adequate descriptions; (3) learning new material; (4) recalling and applying previously learned material; and (5) applying problem-solving skills in class discussions. Rather, the ALJ noted that C.R. had only one very serious problem in expressing ideas in written form. This marked discrepancy between the record and the ALJ's findings shows that the Commissioner did not have a reasonable basis to challenge the action.

Moreover, the ALJ determined C.R.'s ability at the hearing by asking C.R. to count to ten and recite the alphabet. The ALJ noted that C.R. did not have a marked limitation and, thus, was not disabled because C.R. made only one error during that exercise. However, the transcript of the ALJ's hearing shows that C.R. omitted six letters of the alphabet, could not identify his birthday, and misidentified the number "17" as "14" before he was corrected by the ALJ. There are other examples where the ALJ selectively relied on findings from sources that supported his conclusion while ignoring credible and reasonable evidence indicating that C.R. had marked limitations.

The Court, therefore, finds that the Commissioner was not reasonable or substantially justified in challenging the action and there is a statutory basis for an award of attorney's fees under EAJA.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees in the amount of $6,191.22 is **GRANTED**.

IT IS SO ORDERED.

Dated: April 21, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge